UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRY PLATSKY,

                Plaintiff,

-v-

NEW YORK POLICE DEPARTMENT, *et al.*,

                Defendants.

22-CV-9681 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, District Judge:

    On February 21, 2023, in response to the Court's prior order at ECF No. 5, the New York City Law Department provided the names and service addresses for two defendants identified in Plaintiff's original complaint as Officer John Doe I and Supervising Officer John Doe III. (ECF No. 9.) Plaintiff subsequently filed an amended complaint naming those two individuals: Lieutenant Jermaine Oden and Police Officer John Soto. (ECF No. 13.)

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

    To allow Plaintiff to effect service on Defendants Oden and Soto through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants Oden and Soto.

1

Additionally, on December 21, 2022, the Clerk of Court issued a summons in this action to Defendant Officer Wong Takkeung.  (ECF No. 6.)  According to the docket, the U.S. Marshals service did not serve the summons or the original complaint within the 90 day period allotted under the Federal Rules of Civil Procedure.  The Clerk of Court is therefore directed to fill out a new USM-285 form for Defendant Takkeung, issue an amended summons, and deliver to the Marshals Service the paperwork necessary for it to effect service of the amended complaint upon Defendant Takkeung.[1]

If the amended complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Clerk of Court is directed to mail a copy of this order to the *pro se* party.

SO ORDERED.

Dated: April 27, 2023
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

## DEFENDANT AND SERVICE ADDRESSES

**Police Officer John Soto, Shield No. 19737**
Ninth Precinct
321 East 5th Street
New York, NY 10003

**Lieutenant Jermaine Oden**
Ninth Precinct
321 East 5th Street
New York, NY 10003

**Police Officer Wong Takkeung**
Ninth Precinct
321 East 5th Street
New York, N.Y. 10003