

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**JESSE N. ZILINSKI**
*Assistant Corporation Counsel*
phone: (212) 356-2381
fax: (212) 356-3509
email: Jzilinsk@law.nyc.gov

> **SO ORDERED**
>
> *[signature]*
>
> **VALERIE FIGUEREDO**
> United States Magistrate Judge
> Dated: 7-28-2023
>
> The conference scheduled for August 2, 2023, is hereby adjourned to **September 13, 2023 at 11:00 a.m.** Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial **(888) 808-6929; access code 9781335**. In addition, Defendant Soto's and Oden's deadline to respond to the complaint is extended to **September 1, 2023**. The Clerk of Court is directed to terminate the motion at ECF No. 25.

**BY ECF**
Hon. Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  Henry Platsky v. New York City Police Department, et al.,
        22 Civ. 9681 (JPO) (VF)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendant Takkeung Wong in the above-referenced matter. Defendant respectfully writes to request an adjournment of the status conference currently scheduled for August 2, 2023, at 10:00 a. m. (*See* ECF No. 24). Additionally, though this Office does not yet represent defendants John Soto and Jermaine Oden, the Office respectfully requests the Court grant a *sua sponte* extension of time to respond to the Complaint until September 1, 2023.

  These are Defendant's first requests to adjourn the initial case management conference and for a *sua sponte nunc pro tunc* extension of time to answer and will affect no other deadlines. Proposed dates for the rescheduled conference are September 11, September 13, and September 14, 2023. As detailed herein, the undersigned was unable to obtain Plaintiff's position on these requests.

  The reason for this request is that Defendant has been unable to meet and confer with Plaintiff pursuant to the Court's July 5, 2023 Order. (*See* ECF No. 24). Specifically, since as early as July 13, 2023, the undersigned attempted to contact Plaintiff more than six times by phone, leaving voicemails with contact information. The undersigned also sent Plaintiff a letter on July 13, 2023, and Plaintiff responded by letter on July 17, 2023. Plaintiff indicated that he attempted to call the undersigned once on July 11, but that the number was directed to an individual who was not involved with this Office. He also indicated that he had been emailing

me, though the undersigned has not received emails from Plaintiff. Plaintiff did not include his email address in his letter and, thus, the undersigned cannot attempt to email him. Thus, the undersigned intends to send Plaintiff another letter with specific dates and times to contact me so that we can meet and confer prior to the rescheduled initial case management conference. Additional time would allow the parties to confer and prepare to discuss the relevant issues at the conference.

Additionally, this Office currently only represents Takkeung Wong in this action. (See ECF No. 21). However, the undersigned recently received notice that the other defendants, John Soto and Jermaine Oden, were served on June 23 and June 27, 2023, respectively, though the docket does not reflect that they have been served. Had they been appropriately served on June 23 and June 27, the deadline for their answers were July 14 and July 18, 2023, respectively. Notably, however, "the plain language of C.P.L.R. § 308(2) provides that 'service shall be complete ten days after [filing of the proof of service].'" Dunham v. Town of Riverhead, No. 19-cv-03289 (DLI) (CLP), 2020 U.S. Dist. LEXIS 181342, at *9 (E.D.N.Y. Sep. 30, 2020) (citing N.Y. C.P.L.R. § 308(2).) "CPLR § 308(2) requires strict compliance" and, thus, "prior to the filing of the proof of service, service under § 308(2) is not 'complete.'" (Id.) (citing Johnson v. Quik Park Columbia Garage Corp., 1995 U.S. Dist. LEXIS 5824, at *2 (S.D.N.Y. May 2, 1995) (dismissing a defendant where service was "ineffective because plaintiff did not file proof of service with the clerk of the court within 20 days of the date on which her process server allegedly mailed a copy of the summons and complaint" to that defendant, and noting that § 308(2) "requires strict compliance")).

In any event, notwithstanding the fact that the docket does not yet reflect that those defendants have been served, this Office must determine, pursuant to Section 50-k of the New York General Municipal Law and based on a review of the case, whether it will represent defendants John Soto and Jermaine Oden in this action. The defendants Soto and Oden must then each decide whether they wish to be represented by this Office. If so, this Office must obtain each of their written authorizations. Only after this process has been followed can this Office determine how to proceed in this case. (See General Municipal Law § 50(k); see also Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); see also Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law)). Thus, an extension of time is necessary to afford this Office an adequate opportunity to make representation determinations concerning defendants Soto and Oden and for defendants Soto and Oden to be afforded a fair opportunity to respond to the Complaint. Of note, since this Office does not presently represent defendants Soto and Oden, this application is not being made on their behalf. Nevertheless, the Office respectfully requests a *sua sponte* extension of time for defendants Soto and Oden to respond to the Complaint until September 1, 2023.

Accordingly: (a) Defendant respectfully requests that the Court adjourn the initial case management conference currently scheduled for August 2, 2023 at 10:00AM; and (b) the Office respectfully requests a *sua sponte* extension of time for defendants John Soto and Jermaine Oden to respond to the Complaint until September 1, 2023.

Thank you for your consideration herein.

Respectfully submitted,

*Jesse N. Zilinski*

Jesse N. Zilinski
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:  **BY FIRST CLASS MAIL**
Henry Platsky
174 Avenue A
Apt. 1D
New York, NY 10009

3