

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**JESSE N. ZILINSKI**
*Assistant Corporation Counsel*
phone: (212) 356-2381
fax: (212) 356-3509
email: jzilinsk@law.nyc.gov

November 22, 2023

**BY ECF**
Hon. Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Henry Platsky v. New York City Police Department et al.,
22 Civ. 9681 (JPO) (VF)

Your Honor:

I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendants Takkeung Wong, John Soto, Jermaine Oden, the New York City Police Department (collectively, "Defendants") in the above-referenced matter. Defendants respectfully write to request the Court stay discovery pending disposition of their fully dispositive motion to dismiss the Second Amended Complaint filed today, November 22, 2023. (See ECF No. 49.)

Fed. R. Civ. P. 26(c) vests courts with the discretion to grant a stay of discovery if the moving party can show "good cause…[which] requires a showing of facts militating in favor of the stay." Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. Mar. 28, 2006). Factors the court will consider include the strength of the argument in favor of dismissal, the breadth and burden of the forthcoming discovery, and the risk of unfair prejudice to the opposing party. Id. A stay of discovery pending resolution of a potentially dispositive motion is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." Johnson v. N. Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotations and citations omitted; alterations in original).

Under the Chesney factors, Defendants' motion to stay discovery should be granted. First and foremost, Defendants' arguments in favor of dismissal are strong. Plaintiff's Second Amended Complaint alleges that after he "struck [the Complaining Victim] on the shoulder," a third party called the police who then arrested Plaintiff for assault. (See ECF No. 47 at p 2.) Plaintiff attaches

the arrest report to the Second Amended Complaint, which notes that the Complaining Victim's allegation against Plaintiff was that he elbowed her in the chest causing pain. (See id.) Despite Plaintiff's protestations that the individual defendant officers "chose to believe [the Complaining Victim's] lies," (See id. at p. 3), the law is clear that "[w]hen information is received from a putative victim or an eyewitness, probable cause exists, [] unless the circumstances raise doubt as to the person's veracity." See Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (citing Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000). Further, the Second Amended Complaint is devoid of allegations that the police had any reason to believe that the Complaining Victim was not telling the truth. See Little v. City of New York, 487 F. Supp. 2d 426, 439 (S.D.N.Y. 2007) ("It is well-settled that police officers have probable cause to arrest if they receive information from a complaining victim or other witness who they reasonably believe to be telling the truth").

At a minimum, the individual defendants would be entitled to qualified immunity on the ground that "it was objectively reasonable for the officer[s] to believe that probable cause existed, or . . . officers of reasonable competence could disagree on whether the probable cause test was met." See Myers v. Patterson, 819 F.3d 625, 633 (2d Cir. 2016).

Finally, Plaintiff's claim against the New York City Police Department fails because it is not a suable entity, as Plaintiff should have been aware of since the Court already dismissed it as a party at the outset of this litigation. (See ECF No. 5.) Even if the Court construed the Second Amended Complaint to bring a claim against the City of New York for municipal liability premised on failure to train, which Defendants address in their motion to dismiss, this claim is not plausibly alleged. Accordingly, this Chesney factor weighs in favor of a stay of discovery.

The next factor is the breadth and burden of the forthcoming discovery. Chesney, 236 F.R.D. at 115. While Defendants concede that the discovery in this case is not particularly voluminous, Defendants intend to take Plaintiff's deposition, which did not occur pursuant to the Court's Initial Case Management Order given that the Second Amended Complaint was not filed until four days prior to the deadline and Defendants were unaware of the contents of the Second Amended Complaint until November 9, 2023. (See ECF Nos. 35, 47.) The burden of the forthcoming discovery is therefore on Defendants to schedule a time to take Plaintiff's deposition, arrange a location, and hire a stenographer to generate a transcript. This is a costly endeavor that can and should be avoided by a stay of discovery. Therefore, this Chesney factor weighs in favor of a stay of discovery.

The third Chesney factor, the risk of unfair prejudice to the party opposing the stay, Chesney, 236 F.R.D. at 115, also weighs in Defendants' favor. Plaintiff will suffer no unfair prejudice by a stay of discovery in this action as he has received the discovery he sought from Defendants and indeed used it to draft his Second Amended Complaint. (See ECF No. 47.) Thus, this factor weighs in favor of a stay of discovery.

Accordingly, Defendants request the Court stay discovery in this action pending the disposition of their fully dispositive motion to dismiss the Second Amended Complaint.

Thank you for your consideration herein.

                                              Respectfully submitted,

                                              */s/ Jesse N. Zilinski*
                                              Jesse N. Zilinski
                                              *Assistant Corporation Counsel*
                                              Special Federal Litigation Division

cc:     **BY FIRST-CLASS MAIL**
        Henry Platsky
        174 Avenue A
        Apt. 1D
        New York, New York 10009

---

**Application Granted**

*/s/ Valerie Figueredo*
Valerie Figueredo, U.S.M.J.
DATED: December 7, 2023

Having reviewed the <u>Chesney</u> factors, Defendants have shown that a stay of discovery is appropriate. A stay of discovery is granted pending resolution of Defendants' motion to dismiss the second amended complaint. The Clerk of Court is directed to terminate the letter motion at ECF No. 51.