UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY PLATSKY,
                      Plaintiff,

-v-

NEW YORK CITY POLICE
DEPARTMENT, *et al.*,
                      Defendants.

22-CV-9681 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Henry Platsky brings this *pro se* action against the New York City Police Department ("NYPD"), Officer Takkeung Wong, Officer John Soto, and Lieutenant Jermaine Oden (collectively "City Defendants"), as well as Karimah Etoria, asserting a claim for false arrest in violation of 42 U.S.C. § 1983 and New York state law (ECF No. 47 ("SAC").) Before the Court is the City Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 49.) For the reasons that follow, the motion to dismiss is granted.

**I.    Background**

    **A.    Factual Background**

The following facts are taken from the Second Amended Complaint. As Plaintiff brings this action *pro se*, the Court reads any additional facts alleged in the opposition brief as supplementing the Second Amended Complaint. *See Nielsen v. Rabin,* 746 F.3d 58, 63 (2d Cir. 2014). These facts are assumed true for the purposes of this opinion.

Platsky's complaint stems from his arrest on February 23, 2020, in Manhattan. At 10:15 a.m. that day, Platsky was walking on Avenue C and noticed Karimah Etoria leaving a restaurant. (SAC at 2.) Platsky alleges that Etoria "charged at [him] at full speed" and that he

1

"had no choice but to put up [his] elbow to protect [himself]." (*Id*.) An employee from the restaurant called the police, and Defendant Officers Takkeung Wong and John Soto from the NYPD arrived on the scene. (*Id*.) Officer Soto took Platsky's initial statement. (*Id*. at 2-3.) Defendant Lieutenant Jermaine Odon subsequently arrived, and Platsky "again gave [his] explanation." (*Id*. at 3.) Meanwhile, Etoria told the responding officers that Platsky "used his right elbow and hit [her] right upper chest[,] causing pain." (*Id*. at Ex. 5.)

Soto then informed Platsky that he was being arrested for assault. (SAC at 3.) Soto handcuffed Platsky, placed him in a patrol car, and drove him to the NYPD's 9th Precinct. (*Id*.) At the precinct, Platsky saw that Etoria had also been arrested but was told that her arrest had nothing to do with the incident with Platsky. (*Id*.) When Platsky arrived for his appearance in Criminal Court, a representative of the District Attorney's office informed him that the District Attorney was declining to prosecute the case. (*Id*.) Platsky alleges that Etoria's version of events was "lies" and that she "prove[d] herself an unreliable witness by getting herself arrested." (*Id*. at 4.) He further alleges that the responding officers "acted out of subjective bias" in believing Etoria's account over his and that the District Attorney later realized he could not rely upon Etoria as a witness. (*Id*.)

      **B.**      **Procedural Background**

On November 10, 2022, Platsky filed his initial complaint (ECF No. 2), and on March 20, 2023, he filed his First Amended Complaint (ECF No. 13.) The City filed an answer on behalf of Takkeung on June 28, 2023 (ECF No. 22) and subsequently filed an answer on behalf of Soto and Oden on September 1, 2023 (ECF No. 33). On November 9, 2023, Platsky filed his Second Amended Complaint, which named Etoria as an additional defendant. (ECF No. 47.) On November 22, 2023, the City Defendants filed a Rule 12(b)(6) motion to dismiss. (ECF No. 49.)

On December 19, 2023, Platsky filed his opposition (ECF No. 53), and on January 3, 2024, the City Defendants filed their reply (ECF No. 54).

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555).  In resolving a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

In deciding a motion pursuant to Rule 12(b)(6), "the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken." *Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 808 F. Supp. 2d 542, 545 (S.D.N.Y. 2011) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)), *aff'd*, 500 F. App'x 42 (2d Cir. 2012) (summary order).

Plaintiff is proceeding *pro se*.  "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (internal quotation marks and citation omitted).  "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.* (internal quotation marks and citation omitted).

**III.     Discussion**

Platsky brings his claim for false arrest under Section 1983 and New York state law. The Court first addresses the liability of the individual officers before turning to the question of municipal liability.

    **A.**    **Individual Liability of the Officers**

"Claims for false arrest brought under Section 1983 are substantially the same as claims for false arrest under [New York] state law." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021) (internal quotation marks and citation omitted). To prevail, a plaintiff "must show that '(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" *Id*. (quoting *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003)).

"Probable cause to arrest is a complete defense to an action for false arrest." *Id*. Officers have probable cause when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "To assess probable cause, a court considers only the facts available to the officer at the time of the arrest and immediately before it." *Ashley*, 992 F.3d at 136 (internal quotation marks and citations omitted). When there is a complaining witness, "probable cause exists . . . unless the circumstances raise doubt as to the person's veracity." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). In making probable cause determinations, officers "are entitled to rely on the victims' allegations that a crime has been committed." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). Even officers' "knowledge of a victim witness's

4

criminal or psychiatric history, alone, is not enough to destroy probable cause." *Escalera v. Lunn*, 361 F.3d 737, 746 (2d Cir. 2004).

Here, the Court determines that, based on the facts alleged, the officers did have probable cause to arrest Platsky for assault in the third degree, the crime with which he was charged. As relevant here, the elements of the offense are satisfied when a person "with intent to cause physical injury to another person . . . causes such injury to such person or to a third person; or . . . recklessly causes physical injury to another person." N.Y. Penal Law § 120.00. Even assuming the truth of the facts alleged in the complaint, the Court concludes that the officers had reasonably trustworthy information of facts and circumstances that would lead a reasonable officer to believe that Platsky had acted in a manner meeting all of the elements of the offense. Under Second Circuit precedent, the officers were entitled to rely on the complaining witness's account that Platsky hit her with his right elbow and caused her physical injury. *See Martinez*, 202 F.3d at 634.

Platsky argues that the version of events he recounted at the scene should have raised doubts about Etoria's veracity. (ECF No. 53 at 1-2.) But the mere existence of a contradictory statement is not sufficient to negate probable cause. "Police officers need not conduct an investigation which exculpates an arrestee. To hold otherwise would be to allow every suspect, guilty or innocent, to avoid arrest simply by claiming 'it wasn't me.'" *Dukes v. City of New York*, 879 F. Supp. 335, 344 (S.D.N.Y. 1995) (internal quotation marks and citations omitted). Platsky does not sufficiently allege that the officers had reason to doubt the veracity of Etoria's account. For example, he does not allege the existence "of a prior relationship between the victim and the accused that gives rise to a motive for a false accusation," *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998), or any other circumstances that would have led a

reasonable officer to question Etoria's truthfulness. Etoria's arrest on unrelated charges does not suffice, as an officer's knowledge of a complaining witness' criminal history "alone . . . is not enough to destroy probable cause." *Escalera*, 361 F.3d at 746. In the absence of an apparent motive for a false accusation, or other circumstances that would raise doubts about Etoria's veracity, the officers were entitled to rely upon her account. Accordingly, based upon the facts available at the time of arrest, the officers were warranted in their belief that Platsky had, at the least, recklessly caused physical injury to Etoria, as required by the New York Penal Law. The Court therefore concludes that the officers had probable cause to arrest Platsky and therefore have a complete defense to this suit. Accordingly, the Court need not reach the officers' asserted defense of qualified immunity and dismisses the claims for individual liability against them.

### B. Municipal Liability

Platsky also brings suit against the NYPD. In their briefing, Platsky and the City Defendants agree that the NYPD is a non-suable entity (ECF No. 50 at 7-8; ECF No. 53 at 4), and Platsky asks the Court to allow him to substitute the City of New York as a defendant in place of the NYPD (ECF No. 53 at 4). As Platsky is proceeding *pro se*, the Court liberally construes Platsky's Second Amended Complaint as asserting a municipal liability claim against the City of New York. Platsky alleges that the City's failure "to properly train and discipline their officers" caused the responding officers to be "unable to understand that the events as described by both parties in the event failed to meet the Penal Law definition of assault and did not allow them probable cause sufficient to make an arrest." (ECF No. 53 at 4-5.)

A local government entity is subject to suit under Section 1983. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). An individual may recover damages for a violation of constitutional rights by municipal officials if the unconstitutional action was caused by an official policy or custom. *Id*. at 690-91. Inadequate police training can constitute an official

6

policy or custom "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). "[W]here . . . a city has a training program, a plaintiff must . . . identify a specific deficiency in the city's training program and establish that that deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation." *Wray v. City of New York*, 490 F.3d 189, 196 (2d Cir. 2007) (internal quotation marks and citations omitted).

The Court need not decide the question of whether the City's alleged inadequate training constitutes an official policy, as *Monell* claims fail in the absence of a constitutional harm. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the [constitutional violation] is quite beside the point." *Id*. The Court has already concluded that, even assuming the truth of Platsky's factual allegations, the officers had probable cause to arrest Platsky. Accordingly, Platsky has failed to adequately allege a constitutional violation, and the Court therefore dismisses the claim for municipal liability.

### C. Individual Liability of Etoria

Platsky also names Etoria, the complaining witness, as a defendant, and the Court construes the Second Amended Complaint as asserting a claim against her for false arrest under Section 1983 and New York state law. A private individual may be sued under Section 1983 if she "is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting . . . 'under color' of law for

purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).  Here, however, because the Court has already determined that the officers had probable cause to arrest Platsky, there is no constitutional harm to provide the basis for a Section 1983 suit.  Accordingly, the Court dismisses the Section 1983 claim against Etoria for failure to state a claim upon which relief can be granted.

After dismissal of the Section 1983 claims, no federal claims remain.  Under 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over non-federal claims once it has "dismissed all claims over which it has original jurisdiction."  To determine whether to exercise supplemental jurisdiction over the remaining non-federal claims, courts are to consider the "familiar factors of judicial economy, convenience, fairness, and comity."  *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  Where, as here, "all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7; *see also Karmel v. Liz Claiborne, Inc.*, No. 99-CV-3608, 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2022) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), . . . it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

Accordingly, the Court declines to exercise supplemental jurisdiction and dismisses Platsky's state claim against Etoria without prejudice to refiling in state court.  *See Cohill*, 484 U.S. at 350.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED with respect to Plaintiff's claims against the New York City Police Department, the City of New York, Officer

Wong Takkeung, Officer John Soto, and Lieutenant Jermaine Oden, as well as Plaintiff's Section 1983 claim against Karimah Etoria, and those claims are hereby dismissed with prejudice. The remaining New York state law claim against Etoria is dismissed without prejudice.

The Clerk of Court is directed to close the motion at ECF Number 49, to enter judgment in favor of Defendants, and to close this case.

SO ORDERED.

Dated: June 24, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge

9